[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO COMPEL
On July 30, 1992, the plaintiff, Josephine A. Johnston, initiated this negligence action against the defendant, Joseph Romanelli. On April 29, 1994, a jury returned a verdict in favor of the defendant, and the court (Pickett, J.) entered a judgment on the verdict. The defendant filed a bill of costs in the amount of $305, and an assistant clerk taxed costs in that amount on June 13, 1994.
On October 24, 1994, the defendant filed a motion to compel the plaintiff to pay the defendant the $305 in costs taxed by the court. The defendant's motion states that the plaintiff has failed to make the payment of costs ordered by the court. CT Page 252
While the court is mindful of the defendant's difficulties in recovering the costs taxed, it does not believe that a motion to compel is the appropriate means to recover the costs. The defendant has not provided, and the court has not found, any authority upon which it may rely to grant a motion to compel in this situation. The plaintiff in this matter has already been taxed costs by the co court, and is therefore already under an obligation to pay them. Additionally, both the General Statutes and the Practice Book provide means of security for the defendant when the plaintiff fails to pay costs taxed. See Conn. Gen. Stat. Sec. 52-185; Practice Book Secs. 51-52; see also, Stephenson, Connecticut Civil Procedure (2d Ed. 1982) Secs. 79(g), 279. For example, General Statutes Section 52-185(a) provides in part:
 . . . [i]f it does not appear to the authority signing the process that the plaintiff is able to pay the costs of the action should judgment be rendered against him, the plaintiff shall, before the process is signed, enter into a recognizance to the adverse party with a financially responsible inhabitant of this state as surety, or a financially responsible inhabitant of this state shall enter into a recognizance to the adverse party, that the plaintiff shall prosecute his action to effect and answer all costs for which judgment is rendered against him.
See also, Practice Book Sec. 51.
In this matter, the summons indicates that Janeth Ferreira of One Corporate Center, Hartford, Connecticut is the person recognized to prosecute in the amount of $250. The defendant may wish to pursue whatever means available to him by law against the individual entering into the recognizance to recover the costs taxed by the court. The court, however, does not believe that a motion to compel is the appropriate means to do so.
For the foregoing reasons, the motion to compel is denied.